20-CV-5109

DEARCY HALL, J.
BLOOM, M.J.

*Jury Trial* Demanded

**United States District Court**
**Eastern District Of New York**

Carlos. A. Antonetti.

**(Plaintiff)**
**-Against -**
**The City Of New York,   The New York City**
**Police Department, (N.Y.P.D.) 103rd PCT**
**Detective Squad John Does, 103rd Police**
**Precinct John Does.**
**(Defendants)**

FILED
in the Clerk's Office
U.S. District Court, EDNY

October 22nd 2020

Brooklyn Office

**1. Parties**
**Plaintiff- Carlos. A. Antonetti., Resides at:**
**305 Stockholm Street. Brooklyn New York 11237 Apt#1R.**
**(Mailing Address)_ 237 Irving Avenue, Brooklyn New York 11237**
**Apt#2R.**
**Defendants- The City Of New York, Office Of The Comptroller.**
**1 Centre Street. New York, N.Y. 10007-2341.**
**New York City Police Department, 1 Police Plaza Path, New**
**York, New York 10007.**
**(N.Y.C.P.D)103rd Police Precinct, 168-02 91st Avenue, Jamaica,**
**New York 11432.**
**103rd Police Precinct Detective Squad 168-02 91st Avenue,**
**Jamaica New York 11432.**
**2. The Jurisdiction of the this court is invoked pursuant to bill of**
**rights of the United States Of America which prohibit's the**
**federal government from cruel and unusual punishment clause**
**applies to Rule 60 of The Federal Law. 18 U.S.C. 3771 Crime**
**Victims Rights, 42 U.S.C. 10607 Services To Victims, Title 42**
**U.S.C. Section 1983 Chapter 21 Deprivation Of rights. Victims**
**Rights Amendment- The Victims Rights Movement In This Case**
**The Legal System and NYPD was more concerned with the**
**protection of the constitutional rights of a individual who had**
**made false allegations and accusations then the mentioned and**
**identified person then they were made the victim of their offense.**
**When the proof was provided that they was nothing more than**

2.

*reported false and malicious accusations made against the plantiff herein "Failure To Act" And the personal code of honor that many sworn public servants hold, This Court Has Jurisdiction For this Complaint. As Well In Which My Civil Rights And Rights Was Violated As A Victim Myself Of A Crime By The Accuser, The New York City Police Department, New York Police Department 103rd Pct., And The City Of New York As Well. But I at no point am making a complaint against or adding the accuser ONLY the defendants mentioned herein.*

*3. Statement Of Claim.*

*I had met Ms. Tatiana Cortes. Back in 2016 and that was though a mutual friend Angel Vasquez. Who she also was with at that time and that was before we actually started talking ourselves during early spring of 2017. That was when I seen her wondering around the neighborhood alone confused and pregnant. I had felt very bad for her and did the selfless thing by helping her out and being there by her side because of her situation, not really knowing at first what I was really getting myself into because of my big heart. I had told Tatiana Cortes. me on that because I didn't want to end up hurt and Tatiana using the child against me. If I ended up bonding with him(Child) and growing close. Which did ended up happening. I gave him my name at birth(Carlos) and was willing to give him my whole full name including my last name, but I wasn't there the time of the birth certificate signing, his biological fathers name is Angel Vasquez a registered sex offender level two. And for some reason the childs fathers last name ONLY was added to the birth certificate and he(Angel Vasquez) wasn't even there and there was never any father listed on the birth certificate. I tried to be in a relationship with Tatiana because of the child and for the child and that was six months after his birth(March 2018) but I started to see her games lying manipulating ways and basically backed off on that(relationship). I didn't attempt or want to presue any type of relationship with her only co-parenting. I only always stated to her that I would only be there for the child*

*because I did grow a bond and attachment with him(Child) and I considered him as my very own son. But at that time I didn't I didn't know what her true real intentions towards me was. Then it was starting to get obvious that she didn't appreciate anything at all I was doing for her own son who I considered as mines all because I wasn't doing for her and I always said that I wouldn't either ever. I seen that her family (Mother Brothers Sisterinlaw Aunt) was very appreciative of me and what ive done and they aws very happy that Carlos(Child) had a father figure like me in his life and that I was willing to be there for a child that wasn't biologically mines and they also noticed and seen the bond me and the child created together and the very close attachment he had with me that even made his own mother Tatiana Cortes jealous and annoyed because ill spend most my free time with him and never her. I would spend days with the child or weekends alone without her being included. When she would drop him off and we would do just about everything that a father and son would together. It was like she was also getting envious of that and the fact knowing she couldn't game or use me and that all my love mind and attention went towards the child ONLY. By March 2019 the following year I started to notice more of her manipulating ways but I still invited from time to time to tag along with me and the child when we went out. I only did it for the child so he could have seen us together as a family it was all always for the child not for her at all because I didn't want to be with her at all again. The first documented time I encountered a issue and problem with Tatiana Cortes was on my 47th Birthday July 18, 2019. When she aws already here at my home with the child(Carlos) for a few days. She had started to act with me very selfish and disrespectful basically and was out to ruin my day. I had took her and Carlos(Child) to the city to eat for my birthday and we had went to Hooters on 34th Street. We had stood in the city for a while walking around hanging out and we ended up getting back to my apartment like around 2AM July 19, 2019. Where she started to act up even more with me because I was*

4.

*only paying mind to Carlos(Child) and was also taking pictures of him and with him too. I explained to her that I didn't have time for her attitude or craziness   that she could leave if she wanted to knowing the L Train wasn't working after 1AM because of track work she had still wanted to take the child not even two yet at 3AM from my apartment in Bushwick Brooklyn to where she lives in Jamaica Queens last stop on the J Train Parsons Blvd. I told her why don't you just leave and come back later in the morning or early afternoon to get Carlos(Child). She said no and kept arguing yelling and insisting. I told her to just leave and she went to the front of the building I live in and called the police on me and basically told them I didn't want to give her the child or his clothes. I did explain the situation to the officers of the 83rd PCT that had arrived at my apartment with there Sgt. And I told them that she was being cold hearted heartless and evil that we had just got back from the city celebrating my birthday. That we all had dinner together me her and the child. Which I paid   for her like every other time. I invited her to go with us me and the Child or if she wanted to tagged along and I did it only so I could be able to spend the time and my birthday with Carlos(Child). After that the last time I seen her along with the child that I already had in my apartment for a few days because she had dropped him off on August 10, 2019. On August 16, 2019 we met up with her(Tatiana) me and the Child in Coney Island New York Aquarium and we spent the day together out there in Coney Island after the aquarium. We took the train together and she ended up leaving along with the child back to her apartment in Queens. So then 0n August 19,2019 I decided to look at her face book page being one of her friends on face book I never even bothered looking at her page at all. I havent seen the child since we was last all together August 16, 2019 in Coney Island. I was kind of worried and upset because she didn't get in touch with me to let me know if he needed anything at all. So on August 19, 2019 on one of her face book posts I see a guy (Prince White) F.B. Screen name respond on one of Carlos(Child)*

5.

*pictures saying that's his lil man, so iam like who is this guy and what does he mean by that. I know that he aint Carlos(Child) biological father. I end up first messaging her and questioning her about it and she tried her very best to justify and lie to me. I explained to her that I wasn't dumb or stupid that's when I decided to message this guy(Prince White) asking him what he meant by that and what was going on. He told me and claimed he knew nothing about me that he thought I was some guy wanting to be with Tatiana Cortes and after her. He also told me that he has been there for the Child too (Carlos). When ive been with him and there for him too since his birth. But since she used to go back and fourth from the shelter she was staying in queens before getting a public housing apartment with nycha June of last year 2019. So she would stay in my apartment before the move a lot with shelter passes and she would use this other guy when she would see him because of the fact that she wasn't getting anything from at all only the Child (Carlos). So this individual would give her money for herself and the child. So I told her that I was taking her to Court on August 19, 2019 via phone text and then again on August 20th 2019 I told her that I would be taking her to court for visitation rights and to establish paternity rights as a father figure for the child even though I wasn't the biological father but was recognized by him and her family as if I was. So right after I sent her that message via text letting her know on that same day she walks into the 103rd PCT. Early that afternoon on August 20, 2019 making a false police report made against me by her that the 103rd PCT. Accepted without investigating or any proof given or provided in the report she stated I threatened to hurt her and to take away the Child(Carlos) from her but forgot to mention to the officer at the 103rd PCT Taking the report that I didn't make a physical threat against her at all or would I only gave her a warning letting her know I was going to take her to court. Now what sense does that make that I would tell someone am taking them to court to then threaten them with physical injury and violence it wouldn't be*

b.

*smart or make sense at all. One I would never threaten a woman with any type of physical violence or harm or attempt it at all and I wouldn't threaten to take a child either from no one or there mother. Iam a licensed Foster Parent ive been for going on a year now and had children in my care already. Iam part of Rising Ground 151 Lawrence Street Brooklyn New York 11201. Foster And Adoption Agency. This guy Prince White even had told me that she had made a police report against me for threats and all this I provided to New York City Comptrollers Office when I filed my notice of claim with them. I had sent them all the conversations via text face book messanger from August 19th, and 20th 2019. On August 22nd 2019. I was able to file my petitions in Brooklyns Family Court also claiming she was confusing and abusing the child mentally and emotionally. I was even given a order of protection against her Dockets O-25517-19, V-23808-19. Later on on October I filed the paternity petition P-28364-19 as per the advice to do so by my attorney in late September 2019. Attorney Adetokunbo Oseni. 26 Court Street Ste.1309 Brooklyn New York. Our first Court Date was scheduled for September 12th 2019 11:00AM 6 Floor Room 6043 in which she never showed up and that was after my arrest and her accusing me of a crime. That was when prior to my first court date with her five days before on September 7th 2019 two detectives from the 103rd PCT. Ended up coming to my apartment at around 10:30AM to arrest me claiming that there is a collar out for my arrest for Agg. Harassment. Knowing already what it was about I live in Brooklyn not Queens and hardly go out there. So I explained to them that ill go once they let me get dress I was basically half naked in my draws and then I also informed them that they was making a mistake on arresting me when I already have this person Tatiana Cortes in court and that there was a child involved. They didn't even have to provide a name to me I even told them I knew they was coming because I was told she had made some sort of accusations and report against me Then They Stated 103rd PCT Detectives(John Does) why I didn't go to the*

7.

103rd PCT to inform them I said because they would have arrested me anyways only by heresay without any true facts or proof   and the woman is mostly looked at as the victim and her story would have been more believable than mines even with the proof at hand during the arrest they asked me besides my clothes I was putting on what else I was grabbing I said the proof that I have her in court and everything I sent her via text along with Tmobile statement of my texts times and calls too which one was never made to her only text that's my defense and to them of course it didn't make a difference because they just wanted the collar on a false police report. They didn't over look my papers or even called the DA from the PCT to inform them that I had her in court and there was a Child involved. I wasn't even being heard at all and on top of that I wasn't feeling good and they are suppose to be Detectives who supposedly investigate which they didn't of course because it being a domestic violence case and iam being accused the Man and shes the accusser the Woman I wont be heard or believed. I would have to get a lawyer and see a judge to state my case of defense without any other prior investigation done. I awsnt even feeling good that day that they came to get me I was nauseous and in severe chronic pain of my neck lower back left leg wrist and my hands and if I didn't plead to them too let me get dress first they would have taken me out in my underwear because they did show up during my sleep early in the morning 10:30AM September 7th 2019. I havent even washed my mouth taken a bath fed my emotional support animals or was dressed. They literally forced themselves in pushing me against my apartment door with there hands on there guns and my two little small dogs(Yorkies) barking. The arresting Detective(John Doe)grabbed me by my arms and then tighten his grip on my wrist and hands really hard. When I was already in pain and also suffer from severe chronic pain that comes from hands wrist carpal tunnel and my lower back neck and pelvic area and legs. I literally pleaded and begged them just to just dress and wash my mouth out. But they was in a rush to get there collar book me and

 8.

*go out and party as he claimed that he didn't even want to make the arrest that day because he had plans to party that day not be stuck with paper work. My hands and wrist and arms was swollen from the cuffs and the grips he had on me when I wasn't even resisting and I did advise him about my medical conditions also my anxiety and asthma and that I wasn't feeling good and was already getting anxiety and asthma too and they didn't even let me grab my asthma pump or my pain and anxiety medications. When we got to the 103rd PCT. I told him I wanted there information names and badges. Which he replied what your going to sue us and laughed and never gave me the information I had asked him for. But on one of the arrest voucher slips of property had his badge number but the name hand writing wasn't understandable and I didn't get his partners badge number or name. I asked him if I would be able to talk to the D.A. from the PCT. They replied no to wait till I see the judge. I said okay no problem your collar and police report and accusations are false and based on a lie made up by the    accusser. He said if that is so then she will be arrested his    words but of course that never happened after my case was dismissed on December 9, 2019 C.P.L. 160.50 In Queens Criminal Court Docket# CR 028135-19QN. I was told by my legal aid attorney Ms. Yanique. Williams. From the Legal Aid Society 12046 Queens Blvd Kew Gardens, New York, 11415-1204 on my appearance prior to dismissal that it will be dismissed on my next court appearance there was never any edvidence or cooperation from the accusser Tatiana Cortes. I had already filed my notice of claim with NYC on November 12, 2019 #2019PI024581. And I had also filed a complaint on September 26, 2019 with CCRB and IAB one aws for the arrest 2019-34142 and the other was for after the case was dismissed on December 9th 2019 2019-45532 and I was contacted by IAB Sergeants regarding my complaints via email phone and mail. I appeared for my 50-H Hearing on January 13th 2020 at 10:30AM for a arrest from the 103rd PCT. On September 7th 2019 at 10:30AM (20191036354)-Q19633509. I am claiming against*

9.

*New York City The New York City Police Department And The 103rd PCT And The 103rd PCT Detective Squad Mental Emotional Distress And Anguish 42 USC 1983. This court has jurisdiction regarding my claims and complaint against the defendents. Which falls under section 1983 fourth amendment False Arrest And False Imprisonment.*

*4. Remedy. (Demands)*

*I am seeking with the assistance of   the Court Is:*

*103rd Police Precinct,(John Does) 168-02 91st Avenue, Jamaica, New York 11432. - (Mental and Physical Anguish And Suffering, excessive force police brutality 42 U.S.C. 1983 chapter 21 Civil Action for deprivation of rights.*

*False Arrest And False Imprisonment.)*

*$13,000.00*

*103rd Police Precinct Detective Squad (John Does) 168-02 91st Avenue, Jamaica New York 11432. - (Mental and Physical Anguish And Suffering, excessive force police brutality 42 U.S.C. 1983 chapter 21 Civil Action for deprivation of rights.*

*False Arrest And False Imprisonment.)*

*$30,000.00*

*New York City Police Department, 1 Police Plaza Path, New York, New York 10007. (John Does)*

*- (Mental and Physical Anguish And Suffering, excessive force police brutality 42 U.S.C. 1983 chapter 21 Civil Action for deprivation of rights.*

*False Arrest And False Imprisonment.)*

*$10,000.00*

*The City Of New York, Office Of The Comptroller.*

*1 Centre Street. New York, N.Y. 10007-2341.*

*- (Mental and Physical Anguish And Suffering, excessive force police brutality 42 U.S.C. 1983 chapter 21 Civil Action for deprivation of rights. False Arrest And False Imprisonment.)*

*$10,000.00*

*Total Remedy For Physical, Mental, And Emotional Damages Is:*

*$63,000.00  _ (TOTAL)*

10.

*charlie0772@gmail.com*
*237 Irving Avenue, Brooklyn, New York   11237   APT#2R.*
*347-567-1682.*
*Carlos. Antonetti.      10/22/2020.*



# QUEENS CRIMINAL COURT

**NO FEE**

**Non-Public Version**

125-01 Queens Boulevard, Kew Gardens, NY 11415
Phone: (718) 298-0792 Fax: (718) 520-2451

| | | |
|---|---|---|
| The People of the State of New York | **Certificate of Disposition** | |
| vs. | Docket Number: | **CR-028135-19QN** |
| **Carlos Antonetti** | | |

Defendant DOB: **07/18/1972**   Arrest Date: **09/07/2019**   Arraignment Date: **09/07/2019**

THIS IS TO CERTIFY that the undersigned has examined the files of the **Queens Criminal Court** concerning the above entitled matter and finds the following:

| Count | Arraignment Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 240.30 02 AM Agg Harass 2 -Threat By Phone **SEALED 160.50** | AM | Dismissed (Motion to Dismiss Granted, Sealed 160.50) | 12/09/2019 |
| 2 | PL 240.30 01 AM Agg Harass 2-Comunicate Threat **SEALED 160.50** | AM | Dismissed (Motion to Dismiss Granted, Sealed 160.50) | 12/09/2019 |

Dated: **December 9, 2019**

**Chief Clerk/Clerk of the Court**

## CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law, in connection with the licensing, employment or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. [Executive Law § 296 (16)] Arraignment charges may not be the same as the original arrest charges.

CPL 160.50:   All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency.

**SEALED**

pursuant to Section 160.50 of the CPL

**FAMILY COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

| | |
|---|---|
| In the Matter of a **Custody/Visitation** Proceeding | **File #:** 266003 |
| | **Docket #:** V-23808-19 |

**Carlos Antonetti,**

Petitioner,

**NOTICE TO APPEAR IN COURT**

- against -

**Angel Vazquez,**
**Tatiana Cortez,**

Respondents.

To:   Carlos Antonetti
***Address Confidential***

You are hereby notified to appear on:

| | |
|---|---|
| **Date/Time:** | September 12, 2019 at 11:00 AM |
| **Purpose:** | First Appearance |
| **Part:** | Intake A |
| **Floor/Room:** | Floor 6/Room 6043 |
| **Presiding:** | Richard N. Ross, J.H.O. |
| **Location:** | 330 Jay Street |
| | Brooklyn, NY 11201 |

Please bring this notice with you and check in with the Court Officer in the Part.

*Dionne Lowery*

**Dated:** August 22, 2019

Dionne Lowery, Clerk of Court

FCA §§ 467, 549, 651, 652, 654; DRL §§75-1, 240

GF17 10/2012

# FAMILY COURT OF THE STATE OF NEW YORK
## COUNTY OF KINGS

In the Matter of a **Custody/Visitation** Proceeding

**File #:**   266003
**Docket #:**   V-23808-19

**Carlos Antonetti,**(Other)

Petitioner

**PETITION FOR VISITATION**

- against -

**Angel Vazquez,**(Putative Father)
**Tatiana Cortez,**(Mother)

Respondents

---

The Petitioner respectfully alleges upon information and belief that:

The name, gender, current address and date of birth of each child who is the subject of this proceeding are as follows:

| Name | Current Address | Gender | Date of Birth | Name of Person with Whom Child Resides |
|------|-----------------|--------|---------------|----------------------------------------|
| Carlos Vasquez | 305 Stockholm Street, Apt. 1R Brooklyn, NY 11237 | Male | 9/14/2017 | Tatiana Cortez |

Petitioner, Carlos Antonetti, resides at 305 Stockholm Street, Apt. 1R, Brooklyn, NY 11237.
Petitioner, Carlos Antonetti, is not related to the respondent, Angel Vazquez.
Petitioner, Carlos Antonetti, has an other relationship with the child, Carlos Vasquez.

Respondent, Angel Vazquez, resides at (Address Unknown).
Respondent, Tatiana Cortez, resides at ***Address Confidential***.
Respondent, Angel Vazquez, is the putative father of the child, Carlos Vasquez.
Respondent, Tatiana Cortez, is the mother of the child, Carlos Vasquez.

Page: 2 of 3
Docket No: V-23808-19
GF17

For any child listed above who resided at the current address and/or with the current person for two years or less, specify where and with whom the child lived during the two years prior to that time

| Name | Child's Address | Duration (from/to) | Name of Person With Whom Child Resided | Current Address of the Person With Whom Child Resided |
|------|-----------------|--------------------|-----------------------------------------|-------------------------------------------------------|
| Carlos Vasquez | 107-40 159th Street Jamaica, NY 11433 | 06/01/2019 - Present | Tatiana Cortez | ***Address Confidential*** |
| Carlos Vasquez | 159-23 89th Avenue Jamaica, NY 11432 | 09/14/2017 - 6/01/2019 | Tatiana Cortez | ***Address Confidential*** |

The father of the subject child has not been legally established.

A custody or visitation proceeding concerning the same child is not pending in New York State.

Tatiana Cortez obtained custody of the child at birth.

**It would be in the best interests of the child to have visitation awarded to Carlos Antonetti for the following reasons: The Petitioner states, "Because I've been there for this child since birth. I consider him my son and uses that against me to her advantage for personal gain. Basically using a child to hurt me and using mental abuse on the child by also playing with his mind with other men.".**

The subject child is not a Native American child subject to the Indian Child Welfare Act of 1978 (25 U.S.C. §§ 1901-1963).

No previous application has been made in any court, including a Native-American tribunal, or to any judge for the relief herein requested.

WHEREFORE, Petitioner requests an order awarding visitation of the child named herein and for such other and further reliefs as the Court may determine.

**Dated:** August 22, 2019

**Carlos Antonetti, Petitioner**

# VERIFICATION

STATE OF NEW YORK)

:SS:

COUNTY OF KINGS)

Carlos Antonetti being duly sworn, deposes and says:

That he/she is the Petitioner in the above-entitled proceeding and is acquainted with the facts and circumstances thereof; that he/she has read the foregoing and knows the contents thereof; that the same is true to his/her own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters he/she believes it to be true.

_____
Carlos Antonetti, Petitioner

Sworn to before me on
August 22, 2019

_____
Chief Clerk or Designee
Notary Public

**FAMILY COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

| | |
|---|---|
| In the Matter of a **Family Offense** Proceeding | **File #:**    266003 |
| | **Docket #:**    O-25517-19 |

**Carlos Antonetti,**

                                  Petitioner,                         **NOTICE TO APPEAR IN COURT**

    - against -

**Tatiana Cortes,**

                                    Respondent.

        To:   Carlos Antonetti
              ***Address Confidential***

You are hereby notified to appear on:

| | |
|---|---|
| **Date/Time:** | September 12, 2019 at 11:00 AM |
| **Purpose:** | First Appearance |
| **Part:** | Intake A |
| **Floor/Room:** | Floor 6/Room 6043 |
| **Presiding:** | Richard N. Ross, J.H.O. |
| **Location:** | 330 Jay Street |
| | Brooklyn, NY 11201 |

Please bring this notice with you and check in with the Court Officer in the Part.

**Dated:** September 10, 2019                    Dionne Lowery, Clerk of Court

F.C.A.§§ 812, 818, 821

8-2 12/2013

**FAMILY COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

In the Matter of a **Family Offense** Proceeding

**File #:**  284959
**Docket #:**  O-25517-19

**Carlos Antonetti,**

Petitioner,

**FAMILY OFFENSE**
**PETITION**

- against -

**Tatiana Cortes,**

Respondent.

TO THE FAMILY COURT:

The undersigned Petitioner respectfully states that:

I, Carlos Antonetti reside at[1] 305 Stockholm Street, Apt. 1R, Brooklyn, NY 11237.

The Respondent, Tatiana Cortes resides at 107-40 159th Street, Floor 2, Jamaica, NY 11433.

The Respondent and I are related in the following way: I am not related to the Respondent.

The Respondent committed the following family offenses against me and/or my children which constitute attempted assault, assault in the second or third degree, aggravated harassment in the second degree, harassment in the first or second degree, disorderly conduct, menacing in the second or third degree, reckless endangerment, stalking, criminal mischief, sexual abuse in the second or third degree[2], sexual misconduct, forcible touching, strangulation, criminal obstruction of breathing or circulation, identity theft in 1st, 2nd, or 3rd degree, grand larceny in 3rd or 4th degree, coercion in 2nd degree [Penal Law §135.60 (1),(2) or(3))], and other: **THREAT.**

Describe each incident: starting with the most recent incident: August 22, 2019 through 3rd party: petr states parties were not in a relationship however, helped her raise her son. Petr states resp used the child as a way of threatening the petr. The child is not petr's son yet petr has been raising him as his own since birth. Petr states he never had nor wanted a relationship with the resp, only with the child who will be 2 on 09/14/19. Petr states he filed a petition with this court for visitation and told resp he was and that he would expose the fact theat she uses mental and emotional abuse towards the child. On the same day petr went and filed a petition, 08/22/19, resp went and made a police report against petr stating that petr was threatening resp and the child and told petr two days later that she was going to call the cops. Petr told her go ahead and make false reports because he had proof. **The following cases are pending between the parties: Kings Family Court - V-23808/19 adj to 09/12/19 in Intake A & Queens Criminal Court - CR-028135-19QN - TOP issued against petr 09/07/19, expires 03/06/20.**

---

[1] If your health or safety or that of your child or children would be put at risk by disclosure of your address or other identifying information, you may apply to the Court for an address confidentiality order by submitting General Form GF-21, which is available on-line at www.nycourts.gov . *See* Family Court Act § 154-b.

[2] Where victim is incapable of consent for reason other than being under age 17 [Penal Law § 130.60(1)].

I have not filed a criminal complaint concerning these incidents.

I have no children and there are no other children living in my home.

The Respondent has acted in a way which I consider dangerous or threatening to me, my children, a member of my family or household or person with whom I have or had an intimate relationship, in addition to the incident(s) described in above, as follows: SEE ABOVE.

**The following court cases are pending between me and the Respondent: Kings Family Court - V-23808/19 adj to 09/12/19 in Intake A & Queens Criminal Court - CR-028135-19QN - TOP issued against petr 09/07/19, expires 03/06/20.**
I have not made any previous application to any court or judge for the relief requested in this petition.

WHEREFORE, Petitioner respectfully requests this Court to:

- adjudge the Respondent to have committed the family offenses alleged;
- enter an order of protection, specifying conditions of behavior to be observed by the Respondent in accordance with Section 842 of the Family Court Act:
  - issue an order having the resp be made to stay away from petr, their person, their property, their home, other: petr's mother's house, his mother, Zoraida Cintron, not to contact petr by phone or beeper, not to e-mail, text message or instant message petr and not to assault, menace or harass them;
- enter a finding of aggravated circumstances;
- order such other and further relief as the Court deems just and proper.

**Dated:** September 10, 2019

*Carlos Antonetti*

_____

**Carlos Antonetti, Petitioner**

GF2 8/2002

**FAMILY COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

---

In the Matter of a **Custody/Visitation** Proceeding

|   |   |
|---|---|
| **File #:** | 266003 |
| **Docket #:** | V-23808-19 |

**Carlos Antonetti,**

Petitioner,

**SUMMONS**
PERSONAL SERVICE

- against -

**Angel Vazquez,**
**Tatiana Cortes,**

Respondents.

---

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK:

To:  Angel Vazquez
(Address Unknown)

A petition under Article 6 of the Family Court Act having been filed with this Court, and annexed hereto

YOU ARE HEREBY SUMMONED to appear before this court on

| | |
|---|---|
| **Date/Time:** | October 17, 2019 at 10:30 AM |
| **Purpose:** | Return of Process |
| **Part:** | Intake A |
| **Floor/Room:** | Floor 6/Room 6043 |
| **Presiding:** | Richard N. Ross, J.H.O. |
| **Location:** | 330 Jay Street |
| | Brooklyn, NY 11201 |

to answer the petition and to be dealt with in accordance with the Family Court Act.

**On your failure to appear as herein directed, a warrant may be issued for your arrest.**

*Dionne Lowery*

**Dated:** September 13, 2019

Dionne Lowery, Clerk of Court

**NOTICE:** Family Court §154(c) provides that petitions brought pursuant to Article 4, 5, 6, 8 and 10 of the Family Court Act, in which an order of protection is sought or in which a violation of an order of protection is alleged, may be served outside the State of New York upon a Respondent who is not a resident or domiciliary of the State of New York. If no other grounds for obtaining personal jurisdiction over the Respondent exist aside from the application of this provision, the exercise of personal jurisdiction over the respondent is limited to the issue of the request for, or alleged violation of, the order of protection. Where the Respondent has been served with this summons and petition does not appear, the Family Court may proceed to a hearing with respect to issuance or enforcement of the order of protection.

FCA §§ 467, 549, 651, 652, 654; DRL §§75-1, 240                                         GF17 10/2012

# FAMILY COURT OF THE STATE OF NEW YORK
# COUNTY OF KINGS

In the Matter of a **Custody/Visitation** Proceeding          **File #:**      266003
                                                             **Docket #:**   V-23808-19

**Carlos Antonetti,**(Other)
                                        Petitioner          **PETITION FOR VISITATION**

       - against -

**Angel Vazquez,**(Putative Father)
**Tatiana Cortez,**(Mother)
                                        Respondents

The Petitioner respectfully alleges upon information and belief that:

The name, gender, current address and date of birth of each child who is the subject of this proceeding are as follows:

| Name | Current Address | Gender | Date of Birth | Name of Person with Whom Child Resides |
|------|-----------------|--------|---------------|----------------------------------------|
| Carlos Vasquez | 305 Stockholm Street, Apt. 1R Brooklyn, NY 11237 | Male | 9/14/2017 | Tatiana Cortez |

Petitioner, Carlos Antonetti, resides at 305 Stockholm Street, Apt. 1R, Brooklyn, NY 11237.
Petitioner, Carlos Antonetti, is not related to the respondent, Angel Vazquez.
Petitioner, Carlos Antonetti, has an other relationship with the child, Carlos Vasquez.

Respondent, Angel Vazquez, resides at (Address Unknown).
Respondent, Tatiana Cortez, resides at ***Address Confidential***.
Respondent, Angel Vazquez, is the putative father of the child, Carlos Vasquez.
Respondent, Tatiana Cortez, is the mother of the child, Carlos Vasquez.

For any child listed above who resided at the current address and/or with the current person for two years or less, specify where and with whom the child lived during the two years prior to that time

| Name | Child's Address | Duration (from/to) | Name of Person With Whom Child Resided | Current Address of the Person With Whom Child Resided |
|---|---|---|---|---|
| Carlos Vasquez | 107-40 159th Street Jamaica, NY 11433 | 06/01/2019 - Present | Tatiana Cortez | ***Address Confidential*** |
| Carlos Vasquez | 159-23 89th Avenue Jamaica, NY 11432 | 09/14/2017 - 6/01/2019 | Tatiana Cortez | ***Address Confidential*** |

The father of the subject child has not been legally established.

A custody or visitation proceeding concerning the same child is not pending in New York State.

Tatiana Cortez obtained custody of the child at birth.

**It would be in the best interests of the child to have visitation awarded to Carlos Antonetti for the following reasons: The Petitioner states, "Because I've been there for this child since birth. I consider him my son and uses that against me to her advantage for personal gain. Basically using a child to hurt me and using mental abuse on the chid by also playing with his mind with other men.".**

The subject child is not a Native American child subject to the Indian Child Welfare Act of 1978 (25 U.S.C. §§ 1901-1963).

No previous application has been made in any court, including a Native-American tribunal, or to any judge for the relief herein requested.

WHEREFORE, Petitioner requests an order awarding visitation of the child named herein and for such other and further reliefs as the Court may determine.

**Dated:** August 22, 2019

Carlo Antonetti

**Carlos Antonetti, Petitioner**

Page: 3 of 3
Docket No: V-23808-19
GF17

## VERIFICATION

STATE OF NEW YORK)

             :ss:

COUNTY OF KINGS)

    Carlos Antonetti being duly sworn, deposes and says:

    That he/she is the Petitioner in the above-entitled proceeding and is acquainted with the facts and circumstances thereof; that he/she has read the foregoing and knows the contents thereof; that the same is true to his/her own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters he/she believes it to be true.

                                                       Carlos Antonetti, Petitioner

Sworn to before me on
August 22, 2019

Chief Clerk or Designee
Notary Public

F.C.A §§ 430, 550, 655, 828, 1029

GF5 12/2013

**ORI No:** NY023023J
**Order No:** 2019-023009
**NYSID No:** _____

At a term of the Family Court of the State of New York,
held in and for the County of Kings, at 330 Jay Street, Brooklyn, NY
11201, on September 13, 2019

**PRESENT:** Danielle M. Rodriguez, Court Attorney Referee

**In the Matter of a FAMILY OFFENSE Proceeding**

**Carlos Antonetti (DOB: 07/18/1972),**
        Petitioner

        - against -

**Tatiana Cortes (DOB: 07/26/1988),**
        Respondent

File #        266003
Docket #    O-25517-19
**Temporary Order of Protection**

Ex Parte

**NOTICE: YOUR FAILURE TO OBEY THIS ORDER MAY SUBJECT YOU TO MANDATORY ARREST AND CRIMINAL PROSECUTION, WHICH MAY RESULT IN YOUR INCARCERATION FOR UP TO SEVEN YEARS FOR CRIMINAL CONTEMPT, AND/OR MAY SUBJECT YOU TO FAMILY COURT PROSECUTION AND INCARCERATION FOR UP TO SIX MONTHS FOR CONTEMPT OF COURT. IF YOU FAIL TO APPEAR IN COURT WHEN YOU ARE REQUIRED TO DO SO, THIS ORDER MAY BE EXTENDED IN YOUR ABSENCE AND THEN CONTINUES IN EFFECT UNTIL A NEW DATE SET BY THE COURT.**

**THIS ORDER OF PROTECTION WILL REMAIN IN EFFECT EVEN IF THE PROTECTED PARTY HAS, OR CONSENTS TO HAVE, CONTACT OR COMMUNICATION WITH THE PARTY AGAINST WHOM THE ORDER IS ISSUED. THIS ORDER OF PROTECTION CAN ONLY BE MODIFIED OR TERMINATED BY THE COURT. THE PROTECTED PARTY CANNOT BE HELD TO VIOLATE THIS ORDER NOR BE ARRESTED FOR VIOLATING THIS ORDER .**

A petition under Article 8 of the Family Court Act, having been filed on September 10, 2019 in this Court and good cause having been shown, and Tatiana Cortes having been not present in Court.

        **NOW, THEREFORE, IT IS HEREBY ORDERED** that Tatiana Cortes (DOB:07/26/1988) observe the following conditions of behavior:

  [02] Refrain from assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, strangulation, criminal obstruction of breathing or circulation, disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible touching, intimidation, threats, identity theft, grand larceny, coercion or any criminal offense against Carlos Antonetti (DOB: 07/18/1972);

        **It is further ordered** that this temporary order of protection shall remain in force until and including October 17, 2019, but if you fail to appear in court on this date, the order may be extended and continue in effect until a new date set by the Court.

**Dated:**    September 13, 2019                                    **ENTER**

                                                                    Danielle M. Rodriguez, Court Attorney Referee

GF-5 Page 2
O-25517-19
2019-023009

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

**The Family Court Act** provides that presentation of a copy of this order of protection to any police officer or peace officer acting pursuant to his or her special duties authorizes, and sometimes requires such officer to arrest a person who is alleged to have violated its terms and to bring him or her before the court to face penalties authorized by law.

**Federal law requires** that this order is effective outside, as well as inside, New York State. It must be honored and enforced by state and tribal courts, including courts of a state, the District of Columbia, a commonwealth, territory or possession of the United States, if the person restrained by the order is an intimate partner of the protected party and has or will be afforded reasonable notice and opportunity to be heard in accordance with state law sufficient to protect due process rights (18 U.S.C §§ 2265, 2266).

**It is a federal crime to:**
• cross state lines to violate this order or to stalk, harass or commit domestic violence against an intimate partner or family member;
• buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition while this Order remains in effect (Note: there is a limited exception for military or law enforcement officers but only while they are on duty) ; and
• buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition after a conviction of a domestic violence-related crime involving the use or attempted use of physical force or a deadly weapon against an intimate partner or family member, even after this Order has expired (18 U.S.C. §§ 922(g)(8), 922(g)(9), 2261, 2261A, 2262).

**Check Applicable Box(es):**

[ ]  Party against whom order was issued was advised in Court of issuance and contents of Order

[ ]  Order personally served in Court upon party against whom order was issued

[x]  Service directed by Police Service

[ ]  [Modifications or extensions only]: Order mailed on [specify date and to whom mailed]:

[ ]  Warrant issued for party against whom order was issued[specify date]: _____

[x]  ADDITIONAL SERVICE INFORMATION [specify]: Other: SHERIFF TO SERVE

F.C.A. §§ 524, 531-a, ART.5-B                                   5-1-b 08/2010

**FAMILY COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

| | |
|---|---|
| In the Matter of a **Paternity** Proceeding | **File #:**    266003 |
| | **Docket #:** P-28364-19 |
| **Carlos Antonetti,** | |
| Petitioner, | **SUMMONS** |
| - against - | **(Non-Party Spouse or Former** |
| | **Spouse)** |
| **Tatiana Cortes,** | |
| Respondent. | |

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK:

To:   **Angel Vazquez**
      **(Address Unknown)**

who is alleged to have been married to Tatiana Cortes at the time she conceived a child out of wedlock,

A petition under Article 5 of the Family Court Act having been filed with this Court, and annexed hereto,

YOU ARE HEREBY SUMMONED to appear before this court on

| | |
|---|---|
| **Date/Time:** | **October 17, 2019 at 10:30 AM** |
| **Purposes:** | **Return of Process and First Appearance** |
| **Part:** | **Intake A** |
| **Floor/Room:** | **Floor 6/Room 6043** |
| **Presiding:** | **Richard N. Ross, J.H.O.** |
| **Location:** | **330 Jay Street** |
| | **Brooklyn, NY 11201** |

to show cause why a declaration of paternity, order of filiation, order of support, and other and further relief requested in the petition should not be made.

**Dated:** October 7, 2019                    Dionne Lowery, Clerk of Court

**NOTICE:** Pursuant to Section 531-a of the Family Court Act, you may qualify to testify by telephone, audio-visual means or other electronic means if you reside in a county in New York State not contiguous to the Family Court in which the matter will be heard, if you are incarcerated and do not expect to be released within a reasonable period of time after the scheduled date or if you will suffer an undue hardship by appearing in court. The five counties of New York City are treated as one county for purposes of the section if You wish to request permission , you may submit Form 4-24/5-16/UIFSA-10, which you may obtain from the Family Court or on the internet at www.courts.state.ny.us

**NOTICE:** Family Court §154(c) provides that petitions brought pursuant to Article 4, 5, 6, 8 and 10 of the Family Court Act, in which an order of protection is sought or in which a violation of an order of protection is alleged, may be served outside the State of New York upon a Respondent who is not a resident or domiciliary of the State of New York.  If no other grounds for obtaining personal jurisdiction over the Respondent exist aside from the application of this provision, the exercise of personal jurisdiction over the respondent is limited to the issue of the request for, or alleged violation of, the order of protection.  Where the Respondent has been served with this summons and petition does not appear, the Family Court may proceed to a hearing with respect to issuance or enforcement of the order of protection.

F.C.A §§ 430, 550, 655, 828, 1029                                                                 GF5 12/2013

**ORI No:**    NY023023J
**Order No:**   2019-025871
**NYSID No:**   _____

At a term of the Family Court of the State of New York,
held in and for the County of Kings, at 330 Jay Street, Brooklyn, NY
11201, on October 17, 2019

**PRESENT:  Richard N. Ross, JHO**

In the Matter of a FAMILY OFFENSE Proceeding

**Carlos Antonetti (DOB: 07/18/1972),**
          **Petitioner**

    - against -

**Tatiana Cortes (DOB: 07/26/1988),**
          **Respondent**

**File #**     266003
**Docket #**   O-25517-19
**Temporary Order of Protection**

**Both Parties Present in Court**

**NOTICE:  YOUR  FAILURE  TO  OBEY  THIS  ORDER  MAY  SUBJECT  YOU  TO  MANDATORY  ARREST  AND CRIMINAL PROSECUTION, WHICH MAY RESULT IN YOUR INCARCERATION FOR UP TO SEVEN YEARS FOR CRIMINAL  CONTEMPT,  AND/OR  MAY  SUBJECT  YOU  TO  FAMILY  COURT  PROSECUTION  AND INCARCERATION  FOR UP TO SIX MONTHS FOR CONTEMPT OF COURT. IF YOU FAIL TO APPEAR IN COURT WHEN YOU ARE REQUIRED TO DO SO, THIS ORDER MAY BE EXTENDED IN YOUR ABSENCE AND THEN CONTINUES IN EFFECT UNTIL A NEW DATE SET BY THE COURT.**

**THIS ORDER OF PROTECTION WILL REMAIN IN EFFECT EVEN IF THE PROTECTED PARTY HAS, OR CONSENTS TO HAVE, CONTACT OR COMMUNICATION WITH THE PARTY AGAINST WHOM THE ORDER IS ISSUED. THIS ORDER OF PROTECTION CAN ONLY BE MODIFIED OR TERMINATED BY THE COURT. THE PROTECTED PARTY CANNOT BE HELD TO VIOLATE THIS ORDER NOR BE ARRESTED FOR VIOLATING THIS ORDER .**

A petition under Article 8 of the Family Court Act, having been filed on September 10, 2019 in this Court and good cause having been shown, and Tatiana Cortes having been present in Court and advised of the issuance and contents of this Order.

     **NOW, THEREFORE, IT IS HEREBY ORDERED**  that Tatiana Cortes (DOB:07/26/1988) observe the following conditions of behavior:

[02] Refrain from assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, strangulation, criminal obstruction of breathing or circulation, disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible touching, intimidation, threats, identity theft, grand larceny, coercion or any criminal offense against Carlos Antonetti (DOB: 07/18/1972);

     **It is further ordered** that this temporary order of protection shall remain in force until and including November 21, 2019, but if you fail to appear in court on this date, the order may be extended and continue in effect until a new date set by the Court.

**Dated:**     October 17, 2019                        **ENTER**

                                                    **Richard N. Ross, JHO**

GF-5 Page 2
O-25517-19
2019-025871

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

**The Family Court Act** provides that presentation of a copy of this order of protection to any police officer or peace officer acting pursuant to his or her special duties authorizes, and sometimes requires such officer to arrest a person who is alleged to have violated its terms and to bring him or her before the court to face penalties authorized by law.

**Federal law requires** that this order is effective outside, as well as inside, New York State. It must be honored and enforced by state and tribal courts, including courts of a state, the District of Columbia, a commonwealth, territory or possession of the United States, if the person restrained by the order is an intimate partner of the protected party and has or will be afforded reasonable notice and opportunity to be heard in accordance with state law sufficient to protect due process rights (18 U.S.C §§ 2265, 2266).

**It is a federal crime to:**
• cross state lines to violate this order or to stalk, harass or commit domestic violence against an intimate partner or family member;
• buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition while this Order remains in effect (Note: there is a limited exception for military or law enforcement officers but only while they are on duty) ; and
• buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition after a conviction of a domestic violence-related crime involving the use or attempted use of physical force or a deadly weapon against an intimate partner or family member, even after this Order has expired (18 U.S.C. §§ 922(g)(8), 922(g)(9), 2261, 2261A, 2262).

**Check Applicable Box(es):**

[x] Party against whom order was issued was advised in Court of issuance and contents of Order

[x] Order personally served in Court upon party against whom order was issued

[ ] Service directed by other means[specify]: _____

[ ] [Modifications or extensions only]: Order mailed on [specify date and to whom mailed]:

[ ] Warrant issued for party against whom order was issued[specify date]: _____

[ ] ADDITIONAL SERVICE INFORMATION [specify]: _____

## FAMILY COURT • STATE OF NEW YORK
### 330 JAY STREET - BROOKLYN, NY 11201
Phone: (347) 401-9600

## YOUR CASE HAS BEEN ADJOURNED TO:

DATE ___3 / 17 / 2020___ TIME ___11⁰⁰___ (AM) PM

PART ___19___ FLOOR ___8___

DOCKET NO.: _____ SUPP _____

You MUST check-in with this Part on the scheduled date at least 15 minutes before the scheduled time.



**NEW YORK STATE COURTS**
**Kings County Family Court**
330 Jay Street, Brooklyn, NY 11201
Fax (347) 401-9689

### This is an important message on behalf of the NYS Unified Court System

Due to the ongoing COVID-19 public health crisis, your court appearance at Kings County Family Court, listed in the table below, has been postponed until further notice from the court. Once the matter is rescheduled you will be notified of your new appearance date and you will be required to follow the court's instructions. It is very important that you notify the court if your address or any contact information changes, so you can be informed of your new court date. **If you have an attorney, you should consult with him or her for any questions regarding this matter.**

All orders including temporary orders have been and remain in effect until further notice.

For updates and further information, please refer to **https://www.nycourts.gov**.

| File # | Docket # | Originally Scheduled Date |
|--------|----------|---------------------------|
| 266003 | P-28364-19 | Tuesday, June 23, 2020 |

In some matters, the opportunity to meet with a qualified mediator may assist you in finding a solution to the matters that brought you to the court. More information about mediation and other alternative dispute resolution opportunities through community dispute resolution centers and other providers that may be available now can be found at **https://notify.nycourts.gov/cdrc** or **https://notify.nycourts.gov/adr**.

**Dated:** Wednesday, May 27, 2020

*Rising Ground*
**Certificate to Board Children**

**RESOURCE ID**
21070715

**EFFECTIVE DATE**
02/25/2020

**EXPIRATION DATE**
02/24/2021

**ISSUED TO**
Carlos Antonetti

**RELIGION**

**ADDRESS**
305 STOCKHOLM ST
APT 1R
BROOKLYN NY
BROOKLYN 11237-3970

This is to certify that the above named is regarded as maintaining a suitable home at the above address only for the care of children at board and

is hereby authorized to care at board 1 boys between the ages of  0 Years 1 Months and 3 Years 0 Months and/or 1 girls between the

ages of 0 Years 0 Months and 0 Years 0 Months with a maximum capacity of 1 children.

**CERT AGENCY**
**RESOURCE ID**
1172

**WORKER ID**
46814806

**AGENCY NAME AND ADDRESS**
Rising Ground
463 HAWTHORNE AVE
YONKERS NY
WESTCHESTER 10705-3441

NOTE: THIS CERTIFICATE IS THE PROPERTY OF THE ISSUING AGENCY AND IS TO BE RETURNED
TO THE ISSUING AGENCY WHEN CERTIFICATION IS TERMINATED.

e

OFFICE.

Antonetti.



Mr. Carlos Antonetti
Apt. 2R
237 Irving Ave.
Brooklyn, NY 11237



AtN:
PR
S
E

Carlos