UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

CARLOS A. ANTONETTI,

                      Plaintiff,                      **MEMORANDUM & ORDER**

                   v.                                   20-cv-5109 (BMC) (JRC)

CITY OF NEW YORK; NEW YORK
POLICE DEPARTMENT 103rd PRECINCT;
DETECTIVE SQUAD JOHN DOES 103rd
PRECINCT; JOHN DOES 103rd Police
Precinct,

                      Defendants.

BRIAN M. COGAN, United States District Judge:

      Plaintiff filed this *pro se* action seeking damages pursuant to 42 U.S.C. § 1983 against the City of New York, New York City Police Department's 103rd Precinct, unnamed members of the 103rd Precinct's detective squad, and other unnamed employees of the 103rd Precinct, alleging false arrest and excessive force relating to his September 7, 2019 arrest.[1] Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. As set forth below, plaintiff's claims against the City of New York, the 103rd Precinct, and "John Does of the 103rd Police

---

[1] Plaintiff's three prior actions in this court each alleged that police officers failed to adequately investigate a crime against him. *Antonetti v. City of New York,* No. 15-CV-6719 (NGG), 2015 WL 8071004, at *3 (E.D.N.Y. Dec. 4, 2015) (dismissing Plaintiff's claim that police officers conducted a substandard investigation of his assault with a baseball bat by two acquaintances for failure to state a claim on which relief may be granted); *Antonetti v. City of New York*, 17-CV-2313 (LDH) (ECF No. 5 dated July 31, 2017) (dismissing claim that police officers conducted a substandard investigation of the alleged August 27, 2016 theft of his personal property from a nightclub and subway car); *Antonetti v. City of New York,* No. 17-CV-3170 (LDH) (ECF No. 5 dated Oct. 19, 2017) (dismissing Plaintiff's claim that police officers failed to properly investigate and prosecute the alleged perpetrators involved in an October 4, 2016 dispute at Plaintiff's Brooklyn apartment).

Precinct" are dismissed, but the complaint may proceed against the individual John Doe detectives involved in his arrest.

## BACKGROUND

The following facts are drawn from plaintiff's submissions, the allegations of which are presumed to be true for purposes of this Memorandum and Order. On August 20, 2019, plaintiff informed Tatiana Cortez ("Cortez") that he would be seeking visitation and paternity rights for her son, C.V., born September 14, 2017, with whom plaintiff had an ongoing fatherly relationship.[2] Later that day, Cortez then made "a false police report" against plaintiff asserting that he had threatened to hurt her and to take away her child. On September 7, 2019, at about 10:30 a.m., plaintiff was arrested at his home on charges of aggravated harassment of Cortez by two detectives from the 103rd Precinct of the New York City Police Department. He alleges that the detectives' tight grip on his wrist and hands, tight hand cuffs, and refusal to allow him to bring his medications for asthma, pain, and anxiety constitute excessive force. The officers refused to provide their names to him. The charges against plaintiff were dismissed on December 9, 2019. Plaintiff states that he has filed claims with "with NYC on November 12, 2019 #2019PI024581," the Civilian Complaint Review Board, and the Internal Affairs Bureau concerning the September 7, 2019 arrest.

---

2 On August 22, 2019, Plaintiff filed a petition for visitation in Family Court of the State of New York, Kings County and, in October 2019, a paternity petition. *Id.* at 6, 13. Orders of protection have also been issued concerning Plaintiff and Cortez. *Id.* at 6, 17, 23, 27. On August 12, 2021, an order of filiation was entered naming plaintiff as the father of C.V., and, on January 18, 2022, the family court sent notice to the New York State Department of Health to amend C.V.'s birth certificate to reflect plaintiff's paternity and to change C.V's name. ECF No. 6 at 2-3.

## STANDARD OF REVIEW

A complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys; the court must read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *See, e.g., Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), I am required to dismiss a complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." An action is frivolous as a matter of law when the claim is based on an "indisputably meritless legal theory"—that is, when it "lacks an arguable basis in law ... or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

## DISCUSSION

"Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (citing 42 U.S.C. § 1983). "Thus, to state a claim under Section 1983, a plaintiff must allege (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and

3

its laws, and (2) that the deprivation was 'committed by a person acting under the color of state law.'" *Harrison v. New York*, 95 F. Supp. 3d 293, 321 (E.D.N.Y. 2015) (quoting *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)). Moreover, a plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke,* 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

Two of the defendants that plaintiff has named are not proper parties to this action. Plaintiff has not alleged that his injuries resulted from a municipal policy or custom necessary to section 1983 municipal liability, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978), and, because under New York law municipal agencies do not have a separate identity apart from the city, the defendant 103rd Precinct and its detective squad cannot sue or be sued. *Jenkins v. City of New York*, No. 06CV0182, 2007 WL 415171, at *11 n. 19 (2d Cir. Feb. 6, 2007) (citing *Wray v. City of New York*, 340 F. Supp. 2d 291, 3030 (E.D.N.Y. 2004) (quoting N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except were otherwise provided by law.")); *Araujo v. City of New York*, No. 08 CV 3715, 2010 WL 1049583, at *8 (E.D.N.Y. Mar. 19, 2010) (dismissing all claims against the NYPD and the New York City Department of Correction as non-suable entities); *Flemming v. New York City*, No. 02 Civ. 4113, 2003 WL 296921, at *2 (S.D.N.Y. Feb. 11, 2003) (dismissing section 1983 claims against the NYPD's 46th Precinct).

In addition to the two John Doe detectives who arrested plaintiff on September 7, 2019, Plaintiff also names "John Does 103rd Precinct." However, plaintiff does not connect his allegations of false arrest or excessive force to any other employee of the precinct. In fact, there is not a single allegation against any employee of the 103rd Precinct other than the arresting detectives. The absence of allegations against them and lack of personal involvement is fatal to his claims against the 103rd Precinct John Does. Thus, the Section 1983 claims asserted against them are not plausible and are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii); *Farid v. Ellen*, 593 F.3d at 249; *Farrell v. Burke*, 449 F.3d at 484; *Ashcroft v. Iqbal*, 556 U.S. at 676.

## CONCLUSION

Plaintiff's § 1983 complaint is dismissed against the City of New York, the NYPD's 103rd Precinct, and the "John Does 103rd Precinct." 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to amend the caption to reflect their dismissal.

As to the remaining defendants, the two "103rd Precinct Detective Squad John Does" involved in plaintiff's September 7, 2019 arrest at his home, pursuant to the holding in *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the Court requests that the Corporation Counsel of the City of New York ascertain the full name and service address of these defendants. Corporation Counsel need not undertake to defend or indemnify these individual officers merely because of the issuance of the order. This order provides a means by which plaintiff may properly serve the defendants. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full name and badge number of these officers, a summons shall be issued, and the Court shall direct service on these defendants.

A copy of this order shall be served on the Special Federal Litigation Division of the Corporation Counsel. The case is referred to the Honorable James Cho, United States Magistrate Judge, for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Digitally signed by
Brian M. Cogan
_____
BRIAN M. COGAN
United States District Judge

Dated: Brooklyn, New York
       April 12, 2022